IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN RODRIGUEZ-VALDEZ,

    Petitioner,

v.                                                      Civil Action No. **3:13CV385**

**ERIC WILSON,**

    Respondent.

**MEMORANDUM OPINION**

Stephen Rodriguez-Valdez, a federal inmate proceeding *pro se*, filed this petition under 28 U.S.C. § 2241. ("§ 2241 Pet.", ECF No. 1.) Rodriquez-Valdez challenges his conviction of an institutional infraction. (§ 2241 Pet. ¶¶ 5–6.) Respondent has moved to dismiss on the grounds that Rodriguez-Valdez failed to exhaust his administrative remedies and his underlying challenges to his conviction lack merit. The Memorandum in Support of the Motion to Dismiss is accompanied by a Declaration of Cornelia J. Coll, a Paralegal Specialist at the Federal Correctional Complex in Butner, North Carolina. (Mem. Supp. Mot. Dismiss Ex. 1, ECF 5–1.) Respondent attached to Coll's Declaration a number of documents that support his assertion that Rodriguez–Valdez failed to exhaust his administrative remedies and that his claims lack merit. (*Id.* Attachs. 1–4.)

The Federal Rules of Civil Procedure provide that, if matters outside the pleadings "are presented to and not excluded by the court" in conjunction with a Federal Rule of Civil Procedure 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court intends to rely upon Coll's Declaration and the attached submissions in resolving the § 2241 Petition. Accordingly, the Motion to Dismiss (ECF No. 4) will be DENIED to the extent that the Court converts the motion to one for summary

judgment.[1] As the Court intends to convert the Motion to Dismiss to a motion made under Fed. R. Civ. P. 56, Rodriguez-Valdez is entitled to "'a reasonable opportunity' to present material that is relevant to a converted motion to dismiss." *Tuttle v. McHugh*, 457 F. App'x 234, 235–36 (4th Cir. 2011) (quoting Fed. R. Civ. P. 12(d); *Fayetteville Investors v. Comm'l Builders, Inc.*, 936 F.2d 1462, 1471–72 (4th Cir. 1991)).

In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Rodriguez-Valdez is advised that he is entitled to file a reply opposing the Motion for Summary Judgment that includes counter-affidavits, statements, exhibits, or other legal or factual material that supports his position in the case.[2] In addition to such material, Rodriguez-Valdez is entitled to file a legal brief in opposition to the one filed by Respondent.

Rodriguez-Valdez is further advised that if he does not reply to the Motion for Summary Judgment filed by Respondent and send a complete copy of his reply to counsel for Respondent,

---

[1] Respondent suggests that, "'the court may consider the evidence beyond the scope of the pleading to resolve factual disputes concerning jurisdiction.'" (Mem. Supp. Mot. Dismiss 1 n.1 (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). Respondent contends that no need exists to convert the Motion to Dismiss to one for summary judgment because lack of exhaustion deprives the Court of subject matter jurisdiction. (*Id.*) Respondent, however, fails to cite the Court to authority that indicates lack of exhaustion deprives this Court of subject matter jurisdiction. Moreover, the courts generally regard exhaustion of administrative remedies as an affirmative defense. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *George v. Longley*, 463 F. App'x 136, 139–40 (3d Cir. 2012); *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 233–35 (6th Cir. 2006)).

[2] An affidavit is a sworn statement of facts made on personal knowledge, and affidavits may be submitted by Rodriguez-Valdez or any other witnesses. There are two alternative ways to submit an affidavit to the Court, one of which must be followed. One way is for the person making the affidavit to sign the affidavit and swear to the truth before a notary public. The other way, which does not require a notary public, is for the person making the affidavit to sign the affidavit and certify that he signs under penalty of perjury and understands that he may be prosecuted if the facts he sets forth are untrue.

the Court will decide the motion on the papers already filed by Rodriguez-Valdez and counsel for Respondent. A decision favoring Respondent would result in the dismissal of his the action.

An appropriate order will accompany this Memorandum Opinion.

Date: 6/5/14
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge